**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| JUDITH OHLINGER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Case No. 4:07-cv-00394-RAS |
| | § | |
| DAVAL INC. and C.R. BARD CORPORATION, | § | |
| | § | JURY |
| | § | |
| Defendants. | § | |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT C.R. BARD, INC.**

Defendant C.R. Bard, Inc. (incorrectly identified as "C.R. Bard Corporation" and hereinafter "Bard"), by and through its attorneys, hereby answers Plaintiff's Complaint, paragraph by paragraph, as follows.

1. To the extent the allegations in Paragraph 1 are directed to Bard, Bard admits that it is a New Jersey corporation with its principal place of business in New Jersey. Bard lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 1 of the Complaint.

2. Bard lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint and therefore denies the same.

3. To the extent the allegations in Paragraph 3 are directed to Bard, Bard denies each and every allegation in Paragraph 3.

4. Bard lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint and therefore denies the same.

5. Paragraph 5 of Plaintiff's Complaint contains conclusions of law to which no response is required. To the extent a response is required, and to the extent the allegations in Paragraph 5 are directed to Bard, Bard denies each and every allegation contained in Paragraph 5.

6. Paragraph 6 of Plaintiff's Complaint contains conclusions of law to which no response is required. To the extent a response is required, and to the extent the allegations in Paragraph 6 are directed to Bard, Bard denies each and every allegation contained in Paragraph 6.

7. Paragraph 7 of Plaintiff's Complaint contains conclusions of law to which no response is required. To the extent a response is required, and to the extent the allegations in Paragraph 7 are directed to Bard, Bard denies each and every allegation contained in Paragraph 7.

8. To the extent the extent the allegations in Paragraph 8 are directed to Bard, Bard denies each and every allegation contained in Paragraph 8.

9. Paragraph 9 of Plaintiff's Complaint contains conclusions of law to which no response is required. To the extent a response is required, and to the extent the allegations in Paragraph 9 are directed to Bard, Bard denies each and every allegation contained in Paragraph 9. Bard specifically denies that Plaintiff is entitled to any damages against it.

## **AFFIRMATIVE DEFENSES**

1. The Complaint, in whole or in part, fails to state a claim or cause of action upon which relief can be granted.

2. The doctrines contained in Restatement (Second) of Torts § 402A, Comment k, bar Plaintiff's claims in whole or in part.

3. The doctrines contained in Restatement (Third) of Torts, Product Liability §§ 4 and 6, bar Plaintiff's claims in whole or in part.

4. The doctrine of spoliation and the failure to properly preserve evidence necessary to the determination of the alleged claims bars them.

5. Applicable statutes of limitations, statutes of repose, and/or the doctrine of laches bar Plaintiff's claims in whole or in part.

6. Plaintiff was not injured or damaged by the use of any product designed, manufactured, or sold by Defendant.

7. Plaintiff's or her agents' (including her physicians') misuse or abnormal use of the product or failure to follow instructions bar the Plaintiff's claims in whole or in part.

8. If Plaintiff used a product sold by Defendant, then Plaintiff's claims are barred, in whole or in part, because Plaintiff assumed the risks disclosed by the product labeling, by the prescribing physicians, or by other persons or entities.

9. Any alleged negligent or culpable conduct of Defendant, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of Plaintiff's alleged injuries.

10. If Plaintiff sustained any damages or injuries, then such damages and injuries were caused or contributed to by the acts, omissions or fault of Plaintiff, including contributory negligence, contributory fault, comparative fault; assumption of the risk, or failure to mitigate damages.

11. If Plaintiff used a product sold by Defendant, Plaintiff used the product for off-label purposes, which bars Plaintiff's claims.

12. The learned intermediary doctrine bars Plaintiff's claims.

13. Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and

instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

14. Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

15. Plaintiff's claims are preempted, in whole or in part, by applicable federal law.

16. Plaintiff's claims are barred, in whole or in part, because Plaintiff's injuries, if any, were the result of conduct of Plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to Plaintiff's pre-existing medical conditions.

17. If Plaintiff suffered injury or damages as alleged, which is denied, such injury or damage resulted from acts or omissions of persons or entities for which Defendant is neither liable nor responsible or resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Defendant. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of Plaintiff's alleged injury or damages.

In the alternative, under applicable provisions of statutory or decisional law (including but not limited to Chapter 33 of the Texas Civil Practice & Remedies Code), Defendant is entitled to a comparative apportionment of fault, if any, relative to the other Defendants (and Cross-Defendants) and/or third parties. To the extent Defendant's liability exceeds its relative share of responsibility, Defendant is likewise entitled to a judgment against those parties herein for contribution and/or indemnity or a percentage reduction in accordance with the

apportionment of their fault or liability or the fault or liability attributable to any other party or any person or entity, including the Plaintiff and any party, person, or entity who has settled with the Plaintiff. In the alternative, Defendant is entitled to a setoff or dollar-for-dollar credit for any such settlements and any amounts received by Plaintiff from any source whatsoever with respect to the injuries and damages at issue in this suit.

18. If Plaintiff sustained any damages or injuries, which is specifically denied, and such damages or injuries were caused by the acts, omissions or fault of Plaintiff or others, for whose conduct Defendant is not responsible; accordingly, Defendant is entitled to an assessment of the relative degree of fault for all such persons and entities.

19. Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged injuries, if caused by the Composix® Kugel® Hernia Patch, which is denied, were the result of Plaintiff's own idiosyncratic reactions.

20. Plaintiff failed to mitigate, which limits Plaintiff's damages, if any, in whole or in part.

21. Defendant has no legal relationship or privity with Plaintiff and owes no duty to Plaintiff by which liability could be attributed to it.

22. Defendant made no warranties of any kind, express or implied, or any representations of any nature whatsoever to Plaintiff. If any such warranties were made, whether express or implied, which Defendant specifically denies, then Plaintiff failed to give notice of any breach thereof. Moreover, Defendant effectively and fully disclaimed any warranty, express or implied, in the sale of any product for which it is responsible in this matter.

23. Plaintiff's causes of action are barred in whole or in part by Plaintiff's own comparative negligence.

24. Plaintiff's recovery, if any, shall be reduced by those payments that Plaintiff received from collateral sources.

25. If Plaintiff has been injured or damaged, no injury or damages being admitted, such injuries were not caused by Defendant's product.

26. At the time the product at issue, the Composix® Kugel® Hernia Patch, left the custody and control of Defendant, there was no defect in said product that either caused or contributed to any injuries or damages that Plaintiff may have suffered, if any.

27. Defendant hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

WHEREFORE, Defendant C.R. Bard, Inc. demands judgment in its favor and against Plaintiff, dismissing Plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

**JURY TRIAL DEMAND**

PLEASE TAKE NOTICE that answering Defendant hereby demands a trial by jury as to all issues.

Case 4:07-cv-00391-RDA Document 3 Filed 09/11/2007 Page 7 of 7

Dated: September 11, 2007

Respectfully submitted,

HARRISON, BETTIS, STAFF, MCFARLAND & WEEMS, L.L.P

/s/ D. Mitchell McFarland

D. Mitchell McFarland
Attorney-In-Charge
State Bar No. 13597700
One Allen Center
500 Dallas, Suite 2600
Houston, Texas 77002
Phone: (713) 843-7900
Fax: (713) 843-7901
mitch.mcfarland@harrisonbettis.com

**ATTORNEYS FOR DEFENDANT C.R. BARD, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that, on this 11th day of September, 2007, a true and correct copy of the foregoing Answer and Affirmative Defenses of Defendant C.R. Bard, Inc. was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

Michael R Lipscomb
1321 Central Avenue, Suite A-2
Hot Springs, AR 71901
lipscomblawoffice@yahoo.com

/s/ D. Mitchell McFarland

D. Mitchell McFarland